# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **WILLIAM WALKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 1:17-cv-00111 |
| ) | |
| **TENNESSEE DEPARTMENT OF** ) | JUDGE CAMPBELL |
| **CORRECTION, et al.,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

William Walker, an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee, has filed a pro se petition under 28 U.S.C. § 2241 for the writ of habeas corpus. (Doc. No. 1.) Respondents have filed their answer to the petition, asserting grounds for its dismissal. (Doc. No. 10.) Petition has filed a reply to Respondents' answer. (Doc. No. 12.) For the reasons given below, the Court will deny the petition and dismiss this case.

**I.     Background**

On July 18, 2016, while on parole, Petitioner was arrested and reincarcerated pursuant to an indictment alleging that he violated the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("the Act"). (Doc. No. 1 at 1, 4, 6.) Petitioner pled guilty to this charge on November 7, 2016. (*Id.* at 6.) However, he was subsequently granted permission to withdraw his plea (*id.* at 1, 6–7) and the charge against him was ultimately dismissed by nolle prosequi. (*Id.* at 4.) The Maury County Circuit Court entered an order directing that all public records related to the charge be expunged. (*Id.*)

The conviction which required Petitioner's registration under the Act was entered upon his guilty plea to aggravated sexual battery in 1988. (Doc. No. 1 at 1.) He completed his sentence for that conviction in 1992. (*Id.*) Petitioner's current sentence (which he was serving on parole at the time of his most recent arrest) follows from a recent conviction which he does not challenge in this habeas action.[1] Rather, Petitioner seeks an order from this Court (1) enforcing the state court expungement order against the Tennessee Department of Correction and the Tennessee Board of Parole, and (2) reinstating his parole. He claims that he never should have been required to register as a sex offender, since his sexual battery sentence had expired well before the registry was created; that he was forced to sign the registry in 2006; and, that the enforcement of the registration requirement after he had served his sentence for aggravated sexual battery violated the Ex Post Facto Clause. (*Id.* at 1; Doc. No. 4 at 1–2.)

## II. Discussion

Respondents argue that this Court lacks jurisdiction over the petition because Petitioner is no longer "in custody" pursuant to the 1988 conviction which gave rise to the requirement that he register under the Act. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. §§ 2241(c)(3), 2254(a)). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). "This language is jurisdictional: if a petitioner is not 'in custody' when she files her petition, courts may

---

[1] Respondents direct the Court's attention to *State v. Walker*, No. M2012-01005-CCA-R3-CD, 2013 WL 1182997 (Tenn. Crim. App. Mar. 21, 2013), wherein Petitioner's conviction for drug crimes and 12-year sentence were affirmed.

2

not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). Moreover, the statute has been interpreted as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Although he is currently incarcerated, there is no dispute that Petitioner is no longer in custody pursuant to his 1988 aggravated sexual battery conviction. Whether physically confined or out on parole, Petitioner is currently serving an unexpired sentence that he does not challenge here. *See id.* at 491 ("[A] prisoner who ha[s] been placed on parole [i]s still 'in custody' under his unexpired sentence."); (Doc. No. 1 at 6 (stating that as of July 18, 2016, Petitioner "was a parolee with a parole expiration date of November 20, 2025.").)

Still, Petitioner may be "in custody" for these purposes if his sex offender registration is shown to severely restrain "his liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). In *Leslie v. Randle*, 296 F.3d 518, 522–23 (6th Cir. 2002), the Sixth Circuit recognized that "the 'in custody' requirement may be satisfied by restraints other than criminal punishment," and considered and rejected the argument that the Ohio sexual predator statute places such severe restraints on registrants. In *Hautzenroeder*, the Sixth Circuit again considered whether the Ohio statute severely restrained the liberty of an unincarcerated habeas petitioner, finding that its amended provisions did not "so materially differ from the old regime's as to warrant a different result" than was reached in *Leslie*. *Hautzenroeder*, 887 F.3d at 740–43. *See also Ali v. Carlton*, No. 2:04-CV-398, 2005 WL 1118066, at *1–2 (E.D. Tenn. Apr. 25, 2005) (finding that released offender was not "in custody" at time petition was filed because his liberty was not severely restrained by ongoing registration and disclosure requirements of Tennessee law, or its effect on petitioner's ability to practice medicine).

3

In the instant case, Petitioner does not seek habeas relief due to the placement of significant restraints on his liberty by the various provisions of the Act. Rather, he challenges the requirement that he register and the obstacle that his registration presents to his ability to be released on parole. (Doc. No. 1 at 2.)[2] He thus seeks relief from the collateral consequences of his 1988 conviction, rather than any direct restraints imposed by operation of the Act itself. However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998). "[E]ven grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody." *Hautzenroeder*, 887 F.3d at 741 (internal citation and quotation marks omitted). The Court therefore finds that Petitioner is not "in custody" for these purposes by virtue of his 1988 conviction, his current confinement pursuant to an unrelated conviction, or his continued presence on the Tennessee Sex Offender Registry.

Petitioner invokes the Ex Post Facto Clause (Doc. No. 4 at 1), which prohibits the enactment of any law that retroactively punishes an act that was not punishable at the time it was committed, or "imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quoting *Cummings v. Missouri*, 4 Wall. 277, 325–26, 18 L. Ed. 356 (1867)).

---

[2] It bears noting that Petitioner was apparently paroled once before, despite his status as a registered sex offender. In any event, Petitioner appears to believe that the expungement order of the Maury County Circuit Court operated to expunge his name from the Tennessee Sex Offender Registry, and that the Respondents are willfully disregarding that order by denying him parole because he is a registered sex offender. (Doc. No. 1 at 1, 2.) He is simply incorrect in that belief. By its terms, the order expunged all public records relating to the 2016 charge that Petitioner violated the requirements of the Act (*id.* at 4); it did not purport to require deletion of Petitioner's name from the Registry.

But Petitioner cannot raise this constitutional challenge under Section 2241 without first establishing that he is "in custody" for habeas corpus purposes. *Leslie*, 296 F.3d 518. Even if the requirements and restrictions that accompany sex offender registration under the Act may arguably be considered punitive, the Sixth Circuit has recognized that "[w]hether a registration scheme is punitive for ex post facto purposes leaves unanswered the 'in custody' question," as "the two issues pose different legal questions." *Hautzenroeder*, 887 F.3d at 744 (citing, e.g., *Leslie*, 296 F.3d at 523 (Clay, J., concurring) (noting that the holding that petitioner was not so restrained as to be "in custody" is "strictly limited to the habeas context" and "does not foreclose a plaintiff from litigating constitutional claims pertaining to a sex offender registration statute in a non-habeas proceeding."). Because the "in custody" question must in this case be answered in the negative, the Court lacks jurisdiction to consider the claims of this habeas petition.

### III. Conclusion

In light of the foregoing, the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED**, and this case is **DISMISSED**.

This Order constitutes the final judgment in this action pursuant to Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE